# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WYOMING ELLIS, <br><br> Plaintiff, <br><br> v. <br><br> DR. DENNIS JAFFE DENTAL OFFICE AND DR. DENNIS JAFFE (INDIVIDUALLY), <br><br> Defendants. | * <br> * <br> * <br> *    CIVIL ACTION NO. <br> * <br> * <br> *    **JURY TRIAL DEMANDED** <br> * <br> * <br> * |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Wyoming Ellis ("Ms. Ellis (hereinafter "Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against Defendants Dr. Dennis Jaffe Dental Office and Dr. Dennis Jaffe, in his individual capacity ("Defendants"), showing the Court as follows:

## JURISDICTION AND VENUE

1.

This is an action under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid, federally mandated overtime wages

owed to Plaintiff, liquidated damages in an amount equal to unpaid overtime wages, and reasonable attorneys' fees and costs; as well as damages for Defendants' violations of the FLSA anti-retaliatory provisions under Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3).

2.

This court has jurisdiction pursuant to 28 U.S.C. § 1331, and 1337.  Plaintiff also invokes this court's pendent jurisdiction to hear Plaintiff's state law claims.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 (b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.  Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff Ellis is a resident of Fulton County, Georgia and was employed by Defendant as a Dental Assistant and Receptionist from August 18, 1988 to present.

5.

Ms. Ellis was, at all relevant times, compensated at an hourly rate of $18.00.

6.

Ms. Ellis is an employee as defined by 29 U.S.C. § 203(e), and, in any workweek, was engaged in commerce within the definitions of 29 U.S.C. §§ 206(a) and 207(a).

7.

During her employment with Defendants, Plaintiff performed non-exempt work in excess of forty (40) hours per work week and was not paid an overtime wage differential, as required by 29 U.S.C. § 207.

8.

Defendants are "employers" within the definition of 29 U.S.C. § 203(d). Defendants are governed by and subject to 29 U.S.C. §§ 204, 207, and 215.

9.

Defendant Dr. Dennis Jaffe Dental Office is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and an enterprise engaged in commerce or in the production of goods for commerce with the definition of 29 U.S.C. § 203(r) and (s), with its gross revenues exceeding $500,000 per year.

10.

Defendant Dr. Dennis Jaffe is the owner of Dr. Dennis Jaffe Dental Office. During all times relevant to this action, Defendant Jaffe had authority to create and alter the policies of Defendant Dr. Dennis Jaffe Dental Office, and to hire and fire any employees of Defendant Dr. Dennis Jaffe Dental Office.

11.

Defendants Dr. Dennis Jaffe Dental Office and Dr. Dennis Jaffe individually, may be served with process by delivering a copy of the Summons and Complaint to Defendant's Counsel, Todd Stanton, at Todd Stanton Law, LLC, 1579 Monroe Drive Suite F206, Atlanta Georgia, 30324.

## FACTUAL ALLEGATIONS

12.

Plaintiff Ellis began working for Defendant on August 18, 1988 as a Dental Assistant and Receptionist.  Plaintiff is currently employed by Defendants.

13.

Ms. Ellis' duties include checking patients in or out of Defendants' office, answering phone calls, managing patient charts, responding to patient inquiries regarding hiring, and also placing newspaper ads to fill job openings at the Dental practice.  At Dr. Jaffe's request, Plaintiff also completed work from home on her

off days or after hours. Plaintiff's primary tasks did not require the exercise of discretion and independent judgment.

14.

Starting in the year 2008, Ms. Ellis worked ten (10) hours a week in overtime for a total of fifty (50) hours per week. However, Dr. Jaffe informed Ms. Ellis that he did not want to pay her one and one-half times her regular pay rate of $18.00 as required under the Fair Labor Standards Act. Therefore, Dr. Jaffe instructed Ms. Ellis to only report 40 hours of work per week.

15.

Instead of paying Ms. Ellis overtime, Dr. Jaffe allowed Ms. Ellis to use the company credit card to help pay her personal bills up to $240.00 a month

16.

Dr. Jaffe continued this practice with Ms. Ellis from 2008 to 2013.

17.

In 2013, Ms. Ellis informed Dr. Jaffe she had submitted a hardship request (the "Hardship Request") to access her pension benefit plan. Dr. Jaffe cautioned Ms. Ellis that she owed him $50,000.00 for the debt and interest that had accrued on the company credit card and that she would have to pay off the debt before she could she could access her pension funds, which Dr. Jaffe controlled.

18.

Upon hearing Dr. Jaffe's warning, Ms. Ellis promptly canceled her Hardship Request with Ms. Candy Carter at the Employment Retirement Security Act division of the Department of Labor ("DOL").

19.

Dr. Jaffe was upset that Ms. Ellis contacted the Department of Labor and stopped permitting Ms. Ellis to use the company credit card to pay her personal bills. Defendants also persisted in their refusal to pay Ms. Ellis overtime.

20.

In or around November 2013, Dr. Jaffe directed Ms. Ellis to reduce her reported hours from forty (40) a week to thirty-two (32). However, Ms. Ellis continued to actually work over forty hours a week, did not take lunch breaks, and continued to receive no overtime pay.

21.

In May 2014, Ms. Ellis reported Defendant's $50,000.00 business debt subtraction from her pension plan, Defendant's failure to pay overtime, and Defendant's failure to acquire worker's compensation insurance to the DOL.

22.

In 2014, Ms. Ellis reported Defendant to the Occupational Safety and Health Administration ("OSHA") because the Dental office was infested with rats and mold.

23.

In or around November 2014, after Dr. Jaffe reduced the business hours for the Dental practice, Defendant directed Ms. Ellis to reduce her reported hours from thirty-two (32) to thirty (30).  Ms. Ellis continued to actually work over forty hours a week and continued to receive no overtime pay.

24.

Plaintiff estimates in good faith, that she worked at least 300 hours of overtime for which she was not compensated.

25.

Plaintiff complained to Dr. Jaffe about not receiving overtime pay, and Defendant responded by further reducing the hours Plaintiff worked, complaining that Plaintiff actually owed him money, and interfering with Plaintiff's pension. Defendant's actions were willful and in bad faith.

26.

Defendant's practices described herein violate the provisions of FLSA, 29

U.S.C. § 201, *et seq.*, including but not limited to 29 U.S.C. § 207.  As a result of these unlawful practices, Ms. Ellis has suffered a loss of wages.

## CLAIMS FOR RELIEF

### *Count One: Willful Failure and Refusal to Pay Overtime in Violation of the FLSA*
*(All Defendants)*

27.

Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

28.

During the statutory period, Plaintiff Wyoming Ellis was employed by Defendant as a Dental Assistant and Receptionist.  She completed work at Dr. Jaffe's Dental Practice, and at his request, also worked from home.  Plaintiff worked in excess of 40 hours per week, and Defendant failed to compensate her at a rate of at least one and one half times the regular rate at which she was employed.

29.

Defendants violated the FLSA, which requires employers to pay for all hours worked.  The FLSA, 29 U.S.C. § 207 requires employers to pay employees

one and one-half times the regular rate of pay for all hours worked over 40 hours per workweek.  Defendants have not made a good faith effort to comply with the FLSA.

30.

Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff Wyoming Ellis for the overtime hours on work activities as described in the Complaint.

31.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.  Plaintiff Wyoming Ellis is entitled to liquidated damages and also to attorney's fees and costs incurred in connection with this claim.

32.

Defendants knew or showed reckless disregard for the fact that they failed to pay for overtime hours worked.

### Count Two: Retaliation in Violation of the Fair Labor Standards Act
*(All Defendants)*

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

The FLSA, prohibits employers from retaliating against an employee who engages in a protected activity, including opposing an employer's unlawful employment practices.

35.

The relationship between Plaintiff Wyoming Ellis and Defendant was a relationship of employee to employer within the meaning of 29 U.S.C. § 201, *et seq.*, such that a cause of action exists for retaliation by an employer on the basis of an employee opposing her employer's unlawful employment practices.

36.

After Plaintiff Wyoming Ellis submitted her pension Hardship Request in 2013 and filed complaints in 2014 with the DOL and OSHA about her lack of overtime compensation and Defendants' unsanitary workplace environment, Defendants retaliated against her in violation of FLSA's anti-retaliation provisions by reducing her reported hours of work, no longer allowing her to charge her personal bills on the company credit card to offset the overtime Defendants failed to pay, and failing to pay overtime for the time she worked that exceeded 40 hours per week.

37.

The on-going retaliation to which Plaintiff was subjected by Defendants because of her opposing her lack of overtime pay in violation of 29 U.S.C. § 201, *et seq.*, entitles her to all appropriate relief provided under the statute.

38.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff in derogation of her federally protected rights.

39.

As a consequence of Defendants' unlawful conduct, Plaintiff has suffered lost wages and benefits of employment, in addition to considerable mental and emotional distress and diminished standing in the community.

## **PRAYER FOR RELIEF**

40.

WHEREFORE, Plaintiffs judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Dr. Dennis Jaffe has violated Plaintiffs' statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Dr. Dennis Jaffe from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 23rd day of March, 2015.

**MOLDEN & HOLLEY, LLC**

s/ Regina S. Molden
Regina S. Molden
Georgia Bar No. 515454
Peachtree Center – Harris Tower
233 Peachtree Street, NE
Suite 1245
Atlanta, GA 30303
Phone: (404) 324-4500
Fax: (404) 324-4501
Email: rmolden@moldenholley.com

Attorneys for Plaintiffs