# CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Confidential Settlement, Separation, and General Release Agreement, ("Agreement") is entered into between **Wyoming Ellis** an individual ("Ellis"), on behalf Ellis and Ellis's heirs, successors and assigns, and **Dennis Jaffe, DMD, PC and Dr. Dennis Jaffe, individually** (collectively, the "Company").

In consideration of the obligations herein made and undertaken, the parties, intending to be legally bound, covenant and agree as follows:

**Section 1.   Settlement of Disputed Claims; Court Approval; Dismissal of Litigation.** Ellis and Company wish to settle fully and finally all differences and disputes between them, including but not limited to the matter styled **Ellis v. Dennis Jaffe, DMD, PC and Dr. Dennis Jaffe, individually Civ. Action No. 1:15cv0834 Dennis Jaffe, DMD, PC and Dr. Dennis Jaffe, individually** (the "Litigation"), filed in the United States District Court for the Northern District of Georgia (the "Court"). The parties agree that this Agreement, and all consideration to be paid, is expressly conditioned upon the Court's approval of the settlement terms and the dismissal with prejudice of the Litigation.

**Section 2.   Non-Admission of Liability.** The parties agree that neither this Agreement nor furnishing of the consideration for this Agreement will be deemed or construed at anytime for any purpose as an admission of any liability or unlawful conduct of any kind.

**Section 3.   Consideration.** In exchange for Ellis's execution of this Agreement, and release of claims, Company will pay to Ellis the total amount of $12,500.00 in a one-time payment ("Settlement Pay") apportioned as follows:

   a.   $5,000.00 will be made in a check made payable to The Molden Law Firm, LLC (Ellis's counsel, Federal Tax Identification No. 20-1695869, "Molden Law"), and reported to the Internal Revenue Service ("IRS") on an IRS Form 1099-MISC for Molden Law and Ellis, as required by law, for payment of any and all claims of legal expenses and/or attorneys' fees;

   b.   $5,000.00 less all applicable and required deductions, representing full and complete settlement of all wage claims will be made in a check made payable to Ellis and reported to the IRS on an IRS Form W-2; and

   c.   $2,500.00 will be made in a check made payable to Ellis, representing full and complete settlement of all non-wage and contested-wage claims, and reported to the IRS on an IRS Form 1099-MISC. Ellis understands acknowledges and agrees that Ellis will be solely and exclusively responsible for all taxes associated with this portion of the Settlement Pay.

The payments pursuant to Section 3 will be delivered as soon as administratively feasible, but no later than 5 business days after the date Company receives notice that the Court has approved the settlement and dismissed with prejudice the Litigation.

**Section 4.   No Consideration Absent Execution of this Agreement.** Ellis understands and agrees that Ellis would not receive the monies and/or benefits specified in this Agreement, except for Ellis's execution of this Agreement and the fulfillment of the promises contained herein.

**Section 5.** <u>**Consultation with an Attorney**</u>. Ellis agrees that Ellis has, in fact, consulted, with counsel concerning this Agreement and its terms and Ellis's rights and obligations under the Agreement. Ellis agrees that Ellis has carefully read this Agreement and understands its contents, and that Ellis signs this Agreement voluntarily, with a full understanding of its significance, and intending to be bound by its terms.

**Section 6.** <u>**Complete Release**</u>. As a material inducement to the Company to enter into this Agreement, Ellis, on behalf of Ellis and Ellis's heirs, successors, and assigns, irrevocably and unconditionally releases, acquits, and forever discharges the Company and its subsidiaries, affiliates, members, managers, officers, employees, representatives, attorneys, personal representatives, partners, agents, successors and assigns, retirement and pension plans, retirement and pension plan sponsors and fiduciaries, and all persons acting by, through, under or in concert with any of them (collectively, "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses, or any contracts, express or implied, whatsoever of every nature and name, whether known or unknown, or any tort, or any claims regarding Ellis's association with the Company, or any federal, state, or other governmental statute, regulation or ordinance, including, without limitation: Title VII of the Civil Rights Act of 1964, as amended; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended; The Americans with Disabilities Act of 1990, as amended; The Family and Medical Leave Act; The Rehabilitation Act of 1978; federal, state or local anti-retaliation statutes; intentional or negligent infliction of emotional distress or "outrage"; defamation; interference with employment or contract; breach of contract; wrongful discharge; invasion of privacy; or any other statutory or common law claim, which Ellis now has, owns or holds, or which Ellis at any time heretofore had, owned or held, or claimed to have, owned or held, against each or any of the Releasees at any time.

It is expressly agreed and understood that the release contained herein is a GENERAL RELEASE. This means that Ellis is releasing any and all causes of action or claims, known or unknown, and whether or not arising out of or in connection with Ellis's association with the Company, and any reference to specific Claim arising out of or in connection with Ellis's association with the Company is not intended to limit the release of Claims. This Agreement does not seek to release claims that Ellis cannot, as a matter of law, waive, or release, but is intended to and will be otherwise complete and absolute. Nothing in this Agreement is intended to waive Ellis's entitlement to vested benefits under any retirement, pension, stock incentive, or other benefit plan provided by the Company. The above-release does not waive claims that Ellis could make, if available, or may have already made for unemployment or worker's compensation (including Georgia Board of Workers' Compensation Case Nos. 2014-02094 and 2014-021243 ), and does not foreclose Ellis from filing administrative claims with any government agency (though Ellis waives any recovery from any such filing).

The Company and Dr. Dennis Jaffe individually make a GENERAL RELEASE in favor of Ellis through the date of this Agreement, hereby releasing any and all causes of action or claims, known or unknown. This Agreement does not seek to release claims that the Company and Dr. Dennis Jaffe cannot, as a matter of law, waive, or release, and does not waive any available defenses to any pending workers but is intended to and will be otherwise complete and absolute.

2

**Section 7.** **Tender**. Ellis further agrees not to institute a suit or claim concerning any matter released or waived herein, or sue any Releasee concerning such matter. If Ellis violates this covenant, otherwise materially breaches any obligation in this Agreement, and/or seeks to challenge the validity of the release above, Ellis agrees that Ellis will immediately return any and all monies and benefits paid by the Company pursuant to this Agreement.

**Section 8.** **Affirmations.** Ellis represents and affirms that: (a) except for Workers' Compensation Case Nos. 2014-020994 and 2014-021243, Ellis has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against the Company in any forum or form; (b) Ellis has not worked any hours (regular or overtime) for which, once the Settlement Pay is received, Ellis has not been fully compensated at the appropriate rate(s); Ellis has been paid all compensation, wages, bonuses, commissions, and/or benefits to which Ellis may be entitled; and (c) Ellis has not divulged the Company's proprietary or confidential information and will maintain the confidentiality of such information consistent with the Company's policies and common law.

**Section 9.** **Released Claims**. The parties acknowledge that this Agreement does not limit any parties' right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Ellis agrees that if any such claim is made, Ellis will not be entitled to recover any individual monetary relief or other individual remedies.

**Section 10.** **Representations**. Ellis represents and acknowledges that in executing this Agreement, Ellis does not rely, and has not relied, upon any representation or statement (oral, written, implied, or expressed) not set forth herein made by any of the Releasees or by any of the Releasees' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**Section 11.** **Governing Law**. This Agreement and the parties' rights and obligations hereunder, will be governed by, construed, and enforced in accordance with the laws of the State of Georgia without regard to its conflict of laws rules. Any litigation arising out of or relating to this Agreement will be commenced and conducted only in a federal or state court located in Atlanta, Georgia. Each party hereby consents to the exclusive jurisdiction of such courts for such purpose and hereby waives any objection that such party might otherwise have to jurisdiction and venue in any such court. The parties agree that in any action based upon this Agreement, the prevailing party will be entitled to recovery, in addition to any damages, the attorneys' fees, expenses, and costs incurred in enforcing and/or defending the Agreement.

**Section 12.** **Severability**. The parties agree that should any of the provisions of the Agreement, excluding the general release language herein be determined invalid by a court of competent jurisdiction, such a determination will not affect the enforceability of the remaining provisions of the Agreement and such provisions will remain in full force and effect.

**Section 13.** **Sole and Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and supersedes any and all prior agreements or understandings between the parties, including any and all oral or implied promises and/or contracts, pertaining to the subject matter hereof.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, LILLY FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT HE HAS OR MIGHT HAVE AGAINST THE COMPANY.

**IN WITNESS WHEREOF**, each of the undersigned has executed this Agreement as of the date written below.

**Dennis Jaffe, DMD, PC**

By:_____         _____*Wyoming Ellis*_____
**Dr. Dennis Jaffe**                     Wyoming Ellis

                                         _____6-2-15_____
_____                  
Date                                     Date


_____                  _____
**Dr. Dennis Jaffe, Individually**

4